THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Denise
 McCauley, Respondent,
 
 
 

v.

 
 
 
 JSP Consulting,
 LLC d/b/a The Neutrino Group, Appellant.
 
 
 

Appeal From Charleston County
J.C. Nicholson, Jr., Circuit Court Judge

Unpublished Opinion No.  2012-UP-128
 Heard February 15, 2012  Filed February
29, 2012 

REVERSED AND REMANDED

 
 
 
 William B. Jung, of Mt. Pleasant, for
 Appellant.
 Denise McCauley, pro se, of Mt. Pleasant,
 for Respondent.
 
 
 

PER CURIAM:  JSP Consulting, LLC d/b/a The Neutrino Group (JSP)
 appeals the circuit court's denial of its motion to compel arbitration in a
 dispute arising from McCauley's purchase of stenography equipment.  JSP argues the
 circuit court erred in concluding that the parties' arbitration agreement was unconscionable. 
 We reverse and remand for an order compelling arbitration. 
South Carolina courts must
 examine two factors to determine whether an agreement is unconscionable: (1) whether the party opposing the agreement
 lacked a meaningful choice in entering into the agreement and (2) whether the
 agreement's terms are "so oppressive that no reasonable person would make
 them and no fair and honest person would accept them."  Simpson v. MSA
 of Myrtle Beach, Inc., 373 S.C. 14, 24-25, 644 S.E.2d 663, 668 (2007).  Furthermore, "the Fourth Circuit has
 instructed courts to focus generally on whether the arbitration clause is
 geared towards achieving an unbiased decision by a neutral decision-maker"
 when considering whether an arbitration agreement is unconscionable.  Id. at 25, 644 S.E.2d at 668-69 (citing Hooters of Am., Inc. v.
 Phillips, 173 F.3d 933, 938-40 (4th Cir. 1999)).  
JSP concedes that the
 arbitration agreement is an adhesion contract because it was offered on a
 "take-it-or-leave-it" basis with terms that were not negotiable.  See Simpson, 373 S.C. at 26-27, 644 S.E.2d at 669 (defining the term
 "adhesion contract").  However, JSP argues that the agreement does
 not fall within the second prong of unconscionability, i.e., the agreement's terms
 "are so oppressive that no reasonable person would make them and no fair
 and honest person would accept them."  Simpson,  373 S.C. at 24-25,
 644 S.E.2d at 668.  We agree.
In finding the arbitration
 agreement oppressive, the circuit court concluded that its requirement to
 arbitrate issues in Colorado was unfair.  However, the agreement allows
 McCauley to select one of the following alternatives to an in-person hearing: a
 hearing by submission of documents; a telephone hearing; or an online hearing. 
 Further, nothing in the record suggests the agreement's language is not geared
 toward achieving an unbiased decision by a neutral arbitrator.  The agreement
 requires the arbitration to be governed by the rules of the National
 Arbitration Forum (NAF), which provide a neutral process for the selection of
 an arbitrator.  Therefore, McCauley's selection of an alternative to an in-person
 hearing would not place her at a disadvantage.     
The circuit court also
 concluded that the costs associated with arbitration are unfair.  While the
 arbitration agreement provides that the party pursuing a claim pays his own costs,
 it also acknowledges the prevailing party may request an award of costs.  
Based on the foregoing, the
 circuit court erred in concluding that the arbitration agreement was oppressive. 
 Therefore, we need not address JSP's alternative argument concerning the
 severability of the forum selection clause.  See Futch v. McAllister
 Towing of Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999)
 (noting an appellate court need not address appellant's remaining issues when
 its determination of a prior issue is dispositive).
REVERSED and REMANDED.
PIEPER, KONDUROS, and
 GEATHERS, JJ., concur.